[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: MOTION FOR REFERENCE (#121) AND LIMITED OBJECTION TO PLAINTIFF'S MOTION FOR REFERENCE (#124)
On January 25, 1993, the plaintiff Kalpana Trivedi filed a complaint against her husband, the defendant Ashwinkumar Trivedi. She claims, inter alia, a dissolution of the marriage, custody and support of the minor children, and alimony. At issue now is a motion for reference of the matter to a state trial referee filed by the plaintiff.
The defendant has filed a limited objection to plaintiff's motion for reference and an accompanying memorandum of law. Although the defendant consents to a state trial referee, he CT Page 10141 seeks to exclude former Connecticut Supreme Court Justice Robert D. Glass from consideration on the ground that as "a retired Supreme Court Judge, he may not act as a trial referee." On August 31, 1993, the plaintiff submitted a memorandum of law in opposition to the defendant's objection.
General Statutes 52-434 governs the appointment of retired judges as state referees.
 Each judge of the supreme court, each judge of the appellate court, each judge of the superior court and each judge of the court of common pleas who ceases or has ceased to hold office because of retirement . . . shall be a state referee for the remainder of his term of office as a judge and shall be eligible for appointment as a state referee during the remainder of his life in the manner prescribed by law for the appointment of a judge of the court of which he is a member.
General Statutes 52-434(a)(1).
 "In any action for dissolution of marriage, legal separation or annulment the court may refer the case or any matter in which the issues have been closed to a state referee who shall have been a judge of the referring court or who shall have been a judge of the court of common pleas." General Statutes 46b-9.
The defendant concedes that Justice Glass is eligible for appointment as a state referee pursuant to the terms of General Statutes 52-434. Nevertheless, the defendant argues that the phrase in General Statutes 52-434,
 "in the manner prescribed by law for the appointment of a judge of the court of which he is a member"
renders a retired supreme court justice eligible to perform only limited functions. The defendant asserts that these limited functions are delineated in General Statutes 51-40, which states:
 Each retired chief justice, associate judge of the supreme court, judge of the appellate court and judge of the superior court shall be eligible for the CT Page 10142 performance of judicial duties and all services under the provisions of sections 9-346b, 51-194, 51-204, 51-207, 53a-45, 54-47b to 54-47g, inclusive, and 54-82.
General Statutes 51-50j.
General Statutes 52-434 is not included in this list, therefore, the defendant concludes that Justice Glass is ineligible to act as a trial referee.
In interpreting General Statutes 52-434, the defendant claims that the phrase,
 "in the manner prescribed by law for the appointment of a judge of the court of which he is a member"
refers to the powers a state referee may exercise and henceforth limits the activities of a retired supreme court justice.
The legislative history of this act demonstrates that this phrase does not pertain to the powers that may be exercised by a state trial referee. Instead, this phrase was added to ensure that judges do not become automatic referees at age seventy, but rather must go through a specific appointment process. The Connecticut legislature amended General Statutes 52-434 to include this phrase by way of the 1979 Public Act No. 79-608. According to state representative Thom Serrani:
 "[N]ow . . . judges become automatic referees when they reach the age of 70 for life and they have no need to come back to the General Assembly. 22 H.R. Proc., Pt. 21, 1979 Sees., p. 7142 (D-144th Dist., Stamford, Rep. Serrani). "The amendments simply would require that state referees . . . come back to this Assembly for the approval of the General Assembly." 22 H.R. Proc., Pt. 21, 1979 Sess. p. 7141 (Rep. Serrani).
General Statutes 51-50j is not a limiting statute. General Statutes 51-50j authorizes supreme court justices to act in performance of judicial duties pursuant to a limited list of specified statutes. The statute, however, does not limit the retired supreme court judges' activities to those sections listed in the statute, but rather states that a retired judge of the supreme court shall be eligible for the performance of judicial duties and all services under the provisions of the CT Page 10143 various listed statutes. (Emphasis added.) General Statutes51-50j.
Subsection (f) of General Statutes 51-50 specifically gives a retired supreme court justice the power of a superior court judge.
 "A retired chief justice, or judge of the supreme court, judge of the appellate court, judge of the superior court or judge of the court of common pleas, acting as a state referee after attaining the age of seventy years, shall have the power of a judge of the superior court on matters referred to him from the superior court." General Statutes 51-50(f).
Accordingly, Justice Glass is eligible for consideration as a state trial referee and the defendant's limited objection to plaintiff's motion for reference is overruled and plaintiff's motion is granted.
HARRIGAN, J.